ARMOUR AND COMPANY, The Cudahy Packing Company, Maurer-Neuer Corporation, Oscar Mayer & Co., Inc., Oscar Mayer Packing Co., The Rath Packing Company, Swift & Company and Wilson & Co., Inc.,

v.

UNITED STATES.

ARMOUR AND COMPANY, Armour and Company of Delaware, The Cudahy Packing Company, Maurer-Neuer Corporation, Oscar Mayer & Co., Inc., Oscar Mayer Packing Co., The Rath Packing Company, Swift & Company and Wilson & Co., Inc.,

v.

UNITED STATES.

Nos. 85–57, 300–57.

United States Court of Claims.
March 5, 1958.

L. Reyner Samet, New York City, for plaintiffs. Joseph C. Kennedy, Chicago, Ill., Clarence E. Dawson, Washington, D. C., Weston Vernon, Jr., and Arthur H. Goldberg, New York City, were on the briefs.

Elizabeth B. Davis, Washington, D. C., with whom was Asst. Atty. General Charles K. Rice, for defendant. James P. Garland, Washington, D. C., was on the brief.

LARAMORE, Judge.

These are actions brought by eight plaintiffs in one suit and nine plaintiffs in another for the refund of transportation taxes. The cases arise on plaintiffs' and defendant's motions for summary judgment.

Two questions are present: (1) whether the phrase "the amount paid * * * for the transportation of property" as used in section 3475 of the Internal Revenue Code of 1939, as amended 26 U.S.C. § 3475 (1946 Ed.), includes charges by the carriers for the supplying of ice and salt in the bunkers of refrigeration cars, and (2) whether the period for filing claims for refund of transportation taxes begins to run from the date the taxes

are paid to the carrier or from the date the carrier files its return and pays the taxes to the collector of internal revenue.

The facts, which are undisputed, are these: The plaintiffs are nine corporations which ship meat and other property owned by them to points within the United States and pay transportation taxes to the carriers on account thereof. There was included in the transportation charges, charges for icing, salting, switching, and demurrage. The taxes on these items were paid during the period from October 1 through December 31, 1952.

Plaintiffs filed claims for refund for a part of the transportation taxes paid, contending that charges for icing, salting, and demurrage were not a part of the cost of transportation and therefore they were entitled to recover taxes paid for such services. The claims were rejected and this suit results.[1]

The first question presented, i. e., whether icing and salting is a part of transportation and subject to tax, was considered in the case of Swift & Company v. United States, 144 F.Supp. 956, 136 Ct.Cl. 394, where this court held that the definition of transportation as contained in the regulations of the Commissioner of Internal Revenue should not have included amounts paid for ventilation, refrigeration, icing, and salting. On the authority of that case, to which we adhere, plaintiffs' motion for summary judgment is granted and defendant's motion for summary judgment is denied, subject to the restrictions discussed below, regarding the second question presented, i. e., that claims for refund are to an extent barred by the statute of limitations. It is the defendant's position that $14,630.43 of the amount set forth in the petition is barred by the statute of limitations since the claims therefor were not filed within the 4-year period after payment.

Section 3313 of the Internal Revenue Code of 1939, supra, provides that all claims for the refunding of any tax alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within four years next after the payment of such tax, and the amount of the refund shall not exceed the portion of the tax paid during the four years immediately preceding the filing of the claim.

Section 3475(c) of the Internal Revenue Code of 1939, supra, provides that transportation taxes imposed shall be paid by the person making the payment subject to the tax. It further provides that the person receiving any payment shall collect the amount of the tax, making a return on or before the last day of each month, and pay the taxes so collected to the proper collector of internal revenue.

Plaintiffs contend that the date payment was made by the carrier to the collector was the date of payment of the tax and hence the statute of limitations did not begin to run until that date.

A consideration of the pertinent statutes leads us to this conclusion: The carriers were under duty imposed by section 3475(c) to collect the tax from the shipper. Thus the carrier was in effect the agent of the Government and received payment as such. Payment to the agent discharged the obligation of the taxpayer as fully as if payment were made directly to the proper collector of internal revenue, since receipt by an agent is regarded as receipt by its principal. When plaintiffs paid the transportation costs, which included the tax thereon, to the carriers, it effectively discharged its obligation, and the time for filing claim for refund began on that date. See Eastern Extension, Australasia & China Telegraph Co., Ltd. v. United States, 251 U.S. 355, 40 S.Ct. 168, 64 L.Ed. 305.

It follows that all taxes paid by plaintiffs more than four years prior to the filing of claims for refund are barred by the statute of limitations, supra. Plaintiffs' motion for summary judgment is

---

[1]. Plaintiffs in their petitions have abandoned the tax on demurrage as set forth in the claim for refund.

granted in part and denied in part, and defendant's cross-motion for summary judgment is granted in part and denied in part.

Judgment will be entered for plaintiffs together with interest as provided by law. The amount of recovery will be determined pursuant to Rule 38(c) of the Rules of this court, 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN, and LITTLETON, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.