Edward A. BEBER, Jack Merrick, Earl L. Johnson and Charles A. Arata, copartners doing business under the firm name and style of Allied Produce Company, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 36894.

United States District Court
N. D. California, S. D.

Oct. 27, 1958.

**170**

———◆———

Mark M. Coleman, San Francisco, Cal., for plaintiffs.

Robert H. Schnacke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiffs sue to recover $1,376.71, with interest, which was paid as transportation of property tax from January 1, 1953 to December 31, 1953. The sole issue is whether "the amount paid * * * for the transportation * * * of property", as used in Int.Rev.Code of 1939, § 3475(a), added by 56 Stat. 979 (1942), 26 U.S.C.A. § 3475(a),[1] includes charges by a railroad for supplying ice and salt for refrigerator cars.

The record shows that, during the period in question, plaintiffs shipped frozen fruits and vegetables and general produce to points within the United States over the lines of certain carriers by rail. Included in the carriers' charges was an aggregate of $45,893.95 for the furnishing of ice and salt placed in the bunkers of refrigerator cars. These charges appear on the freight bills as distinct items, separate from the line haul charges and other items such as demurrage and switching. The carriers collected from plaintiffs a three percent transportation tax on the total charges listed on the freight bills, the portion of the tax attributable to furnishing ice

and salt being $1,376.71. The carriers then paid over to the Collector of Internal Revenue the transportation tax, and plaintiffs filed a claim for refund of the portion which had been paid on icing and salting charges. The claim was rejected, and plaintiffs instituted this suit.

The pertinent part of § 3475 provides:

"(a) *Tax.* There shall be imposed upon the amount paid within or without the United States for the transportation of property by rail, motor vehicle, water, or air from one point in the United States to another, a tax equal to 3 per centum of the amount so paid, except that, in the case of coal, the rate of tax shall be 4 cents per short ton. Such tax shall apply only to amounts paid to a person engaged in the business of transporting property for hire, including amounts paid to a freight forwarder, express company, or similar person, but not including amounts paid by a freight forwarder, express company, or similar person for transportation with respect to which a tax has previously been paid under this section. * * * " 26 U.S.C. § 3475 (1952).

The pertinent part of U.S.Treas.Reg. 113, § 143.1 (1943), provides:

"(d) *Transportation.* The term 'transportation' as used in this part means the movement of property by a person engaged in the business of transporting property for hire, including interstate, intrastate, and intra-city or other local movements, as well as towing, ferrying, switching, etc. In general, it includes accessorial services furnished in connection with a transportation movement, such as loading, unloading, blocking and staking, elevation, transfer in transit, ventilation, refrigeration, icing, storage, demurrage, lighterage, trimming of cargo in vessels, wharfage, handling, feeding and watering livestock, and

---

[1]. Re-enacted as Int.Rev.Code of 1954, § 4271(a), 26 U.S.C.A. § 4271, which was repealed by Tax Rate Extension Act of 1958, § 4, 72 Stat. 260.

similar services and facilities. 26 C.F.R. § 143.1 (1949).

Plaintiffs contend that supplying ice and salt in the bunkers of refrigerator cars is not "transportation" as that term is used in Int.Rev.Code of 1939, § 3475 (a). Therefore, plaintiffs contend, U.S. Treas.Reg. 113 § 143.1(d), which defines "transportation" as including refrigeration services, is invalid because it is an attempt by the Commissioner of Internal Revenue to broaden the meaning of "transportation" beyond the ordinary and commonly understood meaning of the term intended by Congress.

Section 3475 was enacted in 1942 as one of many excise tax measures designed to meet the revenue needs of a wartime economy. Revenue Act of 1942, § 620, 56 Stat. 979. It was a reinstatement of similar legislation passed during World War I which had been in effect from November 1, 1917 to January 1, 1922.[2]

 Following the passage of the Revenue Act of 1942, the Commissioner of Internal Revenue issued U.S.Treas. Reg. 113, § 143.1(d) of which defines "transportation" to include the incidental services of refrigeration and icing. After this regulation was issued, § 3475 of the 1939 Code was amended five times.[3] None of the amendments dealt with the question of whether or not payments for incidental services were amounts paid for transportation. Section 3475(a) was then re-enacted without material modification as § 4271(a) of the Int.Rev.Code of 1954. This treatment is persuasive evidence that Congress approved of the Commissioner's administrative construction as embodied in the regulation,[4] and supports defendant's position that the taxes in question were properly computed and collected.

Plaintiffs contend that Swift & Company v. United States, 1956, 144 F.Supp. 956, 136 Ct.Cl. 394, and Armour and Company v. United States, Ct.Cl.1958, 159 F.Supp. 380, control the case at bar. In those cases, the Court of Claims held that "transportation" as used in § 3475 included only such additional services furnished by the carrier as are involved in physically moving cargo from one point to another, e. g., switching. The Court of Claims excluded from the meaning of "transportation" those accessorial services not involved in physically moving cargo, e. g., refrigeration, because the Court of Claims could see no logical reason for Congress imposing a tax on the shipper when, for example, the carrier ices the car but not when the shipper ices the car. The simple explanation of this apparent inconsistency is that the tax is levied on amounts *paid to common carriers* for the transportation of property. It is true that if plaintiffs had supplied their own refrigeration, it would not have been subject to the transportation tax. But if plaintiffs had done their own transporting, that, too, would not have been subject to the transportation tax. The line to be drawn, therefore, is not between accessorial services which move the cargo and those which merely preserve it, but between services performed by carriers and those performed by shippers.

In Avoset v. United States, D.C.N.D. Cal., Civil No. 36905, July 31, 1958, the court concluded that "the service of refrigeration for perishable food products, which must be supplied if these products are to be transported at all, is an integral and essential part of 'transportation' as that term is used in Section 3475(a) of the Internal Revenue Code of 1939 as amended by the Revenue Act of

2. Revenue Act of 1917, § 500, 40 Stat. 314, amended by Revenue Act of 1918, § 500, 40 Stat. 1101; repealed by Revenue Act of 1921, § 1400, 42 Stat. 320.

3. Act of November 4, 1943, § 1, 57 Stat. 585; Revenue Act of 1943, § 307, 58 Stat. 65; Act of December 29, 1945, § 4, 59 Stat. 671; Revenue Act of 1950, § 607,

64 Stat. 966; Revenue Act of 1951, § 495, 65 Stat. 539.

4. Helvering v. Winmill, 1938, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52; Brewster v. Gage, 1930, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457; Getchell Mine, Inc., v. United States, 9 Cir., 1950, 181 F.2d 987.

1942 and Section 4271 of the Internal Revenue Code of 1954."

Plaintiffs' prayer for judgment against defendant is denied, and defendant's prayer for judgment in its favor, with costs, is granted. Defendant shall prepare findings of fact and conclusions of law in accordance with this opinion.

And it is so ordered.