**ARMOUR AND COMPANY et al.**

v.

**UNITED STATES.**

**ANDERSON FOOD PROCESSING CO.**
**et al.**

v.

**UNITED STATES.**

**Nos. 544–57, 376–57.**

United States Court of Claims.

Jan. 14, 1959.

L. Reyner Samet, New York City, for plaintiffs. Clarence E. Dawson, Washington, D. C., Joseph C. Kennedy, Chicago Ill., Weston Vernon, Jr., and Lucien R. Tharaud, New York City, were on the briefs.

George Willi, III, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland, and Lyle M. Turner, Washington, D. C., were on the briefs.

MADDEN, Judge.

This is a suit for refund of transportation taxes paid by the plaintiffs to several common carriers, the latter acting as collectors for the United States which received the taxes in due course. The taxes sought to be recovered related to the carrier's charges, not for the line haul transportation of the plaintiff's goods, but for so-called accessorial services furnished by the carrier, those services being the icing and salting of refrigerator cars, the heating of cars to protect the contents from freezing, and the unloading of cars.

This court has decided in the cases of Swift & Company v. United States, 144 F.Supp. 956, 136 Ct.Cl. 394, and in Armour & Company v. United States, Ct.Cl., 159 F.Supp. 380, that the transportation tax was not applicable to charges for icing and salting. The instant cases present the same problem. The Government urges that our prior decisions were erroneous, and assumes at least a part of the responsibility for our error by confessing that its briefs in the prior cases were not as complete as they should have been.

Upon reconsideration of the question, we have concluded that our prior decisions were erroneous.

The statute, which was section 3475 of the Internal Revenue Code of 1939, 26 U.S.C., 1952 ed. § 3475, and section 4271 of the Internal Revenue Code of 1954, 26 U.S.C., 1952 ed. Supp. II § 4271, imposed a tax of 3 per centum upon the amount paid for the transportation of property by rail, motor vehicle, water, or air. Its text does not further enlighten us as to our problem. Section 3472 of the Internal Revenue Code of 1939, 26 U.S.C., 1952 ed. § 3472, provided that the Com-

missioner of Internal Revenue, with the approval of the Secretary of the Treasury, should prescribe and publish all needful rules and regulations for the enforcement of section 3475 and the other sections in that chapter of the Code.

Treasury Regulations 113 (1943 ed.) in its section 143.1(d) defined the word "transportation" as including, among many other named "accessorial services furnished in connection with a transportation movement," unloading, refrigeration and icing.

Section 500 of the Revenue Act of 1917, 40 Stat. 300, provided for a transportation tax essentially identical to that provided in the 1939 and 1954 Codes. Section 500 of the Revenue Act of 1918, 40 Stat. 1057, did likewise. Treasury Regulations 49 (1919 ed.) in its Article 2 defined "transportation" as including, among many other services in connection with the movement of goods by a carrier, refrigeration and icing. This World War I transportation tax was repealed by section 1400 of the Revenue Act of 1921, 42 Stat. 227.

We have, then, a statute enacted as a revenue raising measure during the First World War, interpreted by regulation, and, after the war, repealed; a substantially identical statute enacted in 1942, and a regulation issued in terms substantially identical with the one issued to interpret the earlier statute; the reenactment of the statute in 1954, and the continuation of the regulation. Since the regulation expressly makes the tax applicable to the charges here in question, the plaintiffs, in order to prevail, must successfully attack the regulation. Their task is a formidable one. The Supreme Court said in Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831:

"This Court has many times declared that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons. See, e. g., Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 145, 75 L.Ed. 397."

Section 1 of the Interstate Commerce Act, 24 Stat. 379, was amended in 1906, 34 Stat. 584, 49 U.S.C.A. § 1, to read as follows:

* * * the term 'transportation' shall include cars and other vehicles and all instrumentalities and facilities of shipment or carriage * * * and all services in connection with the receipt, delivery, elevation, and transfer in transit, ventilation, refrigeration or icing, storage, and handling of the property transported."

Congress, having itself defined the term "transportation", we see no reason to suppose that in imposing a tax on charges paid for transportation it meant to exempt from the tax the charges for a considerable number of the services which it itself had defined as being a part of transportation.

The Government presents as exhibits numerous tariffs of motor carriers, rail barge export carriers, rail and rail-motor import-export carriers, rail carriers carrying less than carload lots, and "piggy back" carriers by rail of truck trailers which provide that the tariff rates include the cost of refrigeration, icing, ventilation, heating and similar services. In freight bills made up from these tariffs it is not possible to dissect out the charges for the accessorial services in order to eliminate them from the taxable portion of the freight bill. The consequence of the plaintiffs' contention would be a serious discrimination against the users of services covered by those tariffs.

We have seen the opinion of Judge Roche of the United States District Court for the Northern District of California, filed October 27, 1958, in the case of Beber v. United States, D.C., 167 F.Supp. 169, in which Judge Roche declined to

follow our earlier decisions on the question here involved. We think Judge Roche was right.

We conclude that the plaintiffs were properly taxed and have no right to recover. The defendant's motions for summary judgment are granted, plaintiffs' motions are denied and the plaintiffs' petitions are dismissed.

It is so ordered.

JONES, Chief Judge, and WHITAKER, Judge, concur.

LARAMORE, Judge, dissents for the reasons stated in Swift & Company v. United States, 144 F.Supp. 956, 136 Ct. Cl. 394.