**CHAS. ABBATE CO., Plaintiff,**

v.

**John T. JARECKI, individually and as former Collector of Internal Revenue, and Ernest J. Sauber, individually and as former Acting Collector of Internal Revenue and as former District Director of Internal Revenue, Defendants.**

No. 56 C 1717.

United States District Court
N. D. Illinois, E. D.

March 18, 1959.

John B. Stephan, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendants.

ROBSON, District Judge.

Motions for summary judgment have been filed by both plaintiff and defendants. They have entered into a stipulation of facts. By order Cause No. 57 C 1842, involving the same parties, had been consolidated with this action, but dismissed by stipulation on September 19, 1958.

The stipulation states that plaintiff, an Illinois corporation, seeks a refund of taxes levied under Section 3475(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3475(a), relating to the transportation of property, for the period beginning September 1, 1949, and ending December 31, 1952. The Chicago Freight Collection Association, acting as a collection agent for various rail carriers, presented freight bills to plaintiff on which were set forth various separately stated charges, including the carriers' charge for the so-called "line haul" or basic rate applicable to the transportation of plaintiff's property, and the charges for other accessorial services set forth under the labels "General Refrigeration," "Ice and Salt," "Cooler and Heater" and "Unloading" in specific amounts. The Association collected from plaintiff, as the person making the payment subject to the tax, $10,506.21, that sum representing the three per cent tax imposed by Section 3475(a) on charges totaling $346,872.37. On September 21, 1953, plaintiff filed a claim for a refund of $742.56, representing that part of the tax for the accessorial services for the period September 1, 1949, through December 31, 1949. On October 21, 1953, it filed a similar claim for a refund of $2,480.66 for the period January 1, 1950, through December 31, 1950. On January 8, 1953, it filed another similar claim for a refund of $3,473 for the period January 1, 1951, through December 31, 1951. On October 27, 1955, still another claim was filed for a refund of $3,809.99 for the period of January 1, 1952, through December 31, 1952.

The four counts of the complaint deal respectively with the four periods. Originally the complaint claimed refunds for seven "accessorial" services, i. e., refrigeration, salt and ice, cooler and heater, stop charge, detention, demurrage and unloading. By an amendment, however, plaintiff waived any claim for refund on

the accessorial charges of stop charge, detention and demurrage.

The sole issue for determination is the validity of the Regulation, Section 143.1 (d) of Treasury Regulations 113, which defines the meaning of the term "transporation" thus:

"* * * In general, it includes accessorial services furnished in connection with a transportation movement, such as loading, unloading, blocking, and staking, elevation, transfer in transit, ventilation, refrigeration, icing storage, demurrage, lighterage, trimming of cargo in vessels, wharfage, handling, feeding and watering live stock, and similar services and facilities."

The tax statute, Section 3475(a) provides:

"There shall be imposed upon the amount paid * * * for the transportation of property by rail * * * a tax equal to 3 per centum of the amount so paid. * * * Such tax shall apply only to the amounts paid to a person engaged in the business of transporting property for hire. * * * "

It is plaintiff's contention that the Regulation invalidly extends the scope of tax beyond the provisions of the Act. Plaintiff's contention had been upheld twice by the United States Court of Claims in the cases of Swift & Company v. United States, 144 F.Supp. 956, 136 Ct.Cl. 394, and Armour & Co. v. United States, 159 F.Supp. 380, but more recently these two decisions have been expressly overruled by the Court of Claims in the case of Armour & Co. v. United States, 169 F.Supp. 521. The Armour case held that the plaintiffs were properly taxed on these accessorial services, the motions of the Government for summary judgment were granted, and the plaintiffs' petitions dismissed.

This precise issue has also arisen in the Federal District Court in California and twice resolved in favor of the Government in the face of and prior to the reversal by the Court of Claims of its Swift and earlier Armour cases, supra. The California cases are Beber v. United States, D.C.Cal.1958, 167 F.Supp. 169, and Avoset v. United States, No. 36905, decided July 31, 1958. In the last Armour decision the Court of Claims expresses approval of the California Beber and Avoset cases.

The basis for the decisions in favor of the Government is that there was a substantial re-enactment of the statute and promulgation of the regulation in the World War II period, which had previously existed in the World War I period, thus making applicable the rule of law that Congress in the re-enactment of a statute impliedly adopted a pre-existing regulation which was interpretive of the Act.

This Court is of the opinion that the Regulation had received sufficient implied approval by Congressional re-enactment of the taxing act to render the interpretation by the Regulation as not beyond the scope of Congressional intent.

The motion of the defendants for summary judgment is granted. The motion of plaintiff for summary judgment is denied.