**650**

LITVAK MEAT COMPANY, a Colorado corporation, Plaintiff,

v.

UNITED STATES of America.

Civ. A. No. 5777.

United States District Court
D. Colorado.

April 14, 1959.

Harry A. Feder, Denver, Colo., for plaintiff.

Donald E. Kelley, U. S. Atty. for Dist. of Colo., Vernon V. Ketring, Asst. U. S. Atty. for Dist. of Colo., Denver, Colo., for United States.

KNOUS, Chief Judge.

This matter stands on motions for summary judgment interposed by both parties. The motions were argued and taken under advisement on December 18, 1958.

In the period between August 6, 1953, and December 27, 1956, the Chicago, Burlington & Quincy Railroad Company collected from plaintiff and paid to the Director of Internal Revenue a three per cent tax, amounting to $1,790.64, on the cost of icing and salting services for shipments of fresh beef from plaintiff's plant. Herein, the plaintiff seeks to recover such sum, with interest, on the ground that the cost of icing and salting service was not a cost for the "transportation of property" within the meaning of the applicable statutes hereinafter to be mentioned.

Thus, the question presented is whether the charges made by the carrier for icing and salting refrigerator cars are subject to the tax on transportation of property imposed by Section 3475(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3475(a), and by Section 4271 (a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4271(a).

In the motion for summary judgment and in the argument before the Court, plaintiff basically relied on two Court of Claims cases: Swift & Company v. United States, 144 F.Supp. 956, 136 Ct.Cl. 394, and Armour & Company v. United States, Ct.Cl., 159 F.Supp. 380, which clearly support its position. The defendant cited as authority to the contrary Avoset v. United States, D.C.N.D.Cal., Civil No. 36905, July 31, 1958, and Beber v. United States, D.C., 167 F.Supp. 169, wherein the collection of the tax was upheld.

Since the oral argument in the case at bar, in Armour and Company v. United States, Ct.Cl., 169 F.Supp. 521, and Anderson Food Processing Company v. United States, Ct.Cl., 169 F.Supp. 521, rehearing denied April 8, 1959, the Court of Claims has overruled as erroneous the two cases relied on by the plaintiff and specifically followed the Beber case. See also: Charles Abbate Co. v. Jarecki, D.C. N.D.Ill., 172 F.Supp. 497. The plaintiff is thus deprived of any precedent to support its contention.

In these circumstances, it must be concluded that the plaintiff was properly taxed and has no right to recover; therefore, it is

Ordered and Adjudged that defendant's motion for summary judgment be granted and that plaintiff's motion be denied and the plaintiff's complaint and the claims asserted therein be dismissed.