## HUTTON v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5502.

Circuit Court of Appeals, Fifth Circuit.
March 25, 1930.

John E. McClure, of Washington, D. C., and Haines H. Hargrett, of Atlanta, Ga. (Miller & Chevalier, of Washington, D. C., and Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for petitioner.

Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and John Mac C. Hudson, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

The only question presented in this case is whether commissions paid to brokers for the purchase of securities should be considered part of their cost or an expense of doing business.

The findings of fact made by the Board of Tax Appeals recite that petitioner is an

individual residing in Palm Beach, Fla., and engaged in the business of buying, holding, and selling realties, securities, etc. The evidence on which this was based fails to show that the petitioner is engaged in business in the sense that she buys and sells securities for others, and it would appear that she does so merely for her own account. She keeps her books and made her returns on the cash receipts and disbursements basis. During 1921 she purchased certain securities and paid a commission thereon amounting to $7,-478.88, and sought to deduct this as an expense of doing business. The Commissioner of Internal Revenue disallowed this as an item of expense, and determined a deficiency accordingly. On appeal to the Board of Tax Appeals the Commissioner was affirmed.

The Revenue Act of 1921, § 212 (42 Stat. 237), provides that the individual income shall be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, but, if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. Section 214 of the Act allows as deductions all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The Treasury Department's Regulations 62, art. 293, provide: Commissions paid in purchasing securities are a part of the cost price of such securities. Commissions paid in selling securities are an offset against the selling price.

The petitioner can derive no right to charge the commissions to expenses from her method of keeping books, unless they clearly reflect the income. It has been a settled rule of the Treasury Department that commissions paid in purchasing securities are a capital expenditure as part of the cost price of the securities. This ruling has uniformly been approved by the Board of Tax Appeals. We are not referred to any controlling decision to the contrary nor to any decision that is persuasive. The rule is fair and reasonable. It is clear that the taxpayer suffers no hardship by the rule, as the commission paid in purchasing the securities may be deducted from the profits or added to the losses when the securities are eventually sold.

We concur in the ruling of the Board of Tax Appeals.

Affirmed.