## HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* WINMILL.

No. 11.   Argued October 12, 1938.—Decided November 7, 1938.

---

80

*Mr. Arnold Raum,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. Sewall Key, J. Louis Monarch, Ellis N. Slack,* and *Charles A. Horsky* were on the brief, for petitioner.

*Mr. Thomas M. Wilkins* for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

Respondent, in his 1932 income tax return, deducted from his gross income brokerage commissions paid and incurred in purchasing securities during that taxable year. Section 23 (a) of the Revenue Act of 1932 allows as deductions "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; . . ." Respondent contends that he was

engaged in the "business" of buying and selling securities and that the brokerage commissions amounted to "compensation for personal services actually rendered" within the meaning of § 23 (a).

The Government insists that brokers' commissions in security purchases are "expenditures, . . . properly chargeable to capital account" constituting "a part of the cost" of such property and serving only to increase respondent's loss from sales of stock under §§ 111 and 23 (r) which control allowable losses on disposal of stocks.[1]  Section 23 (r) allows losses on stock sales to be deducted only to the extent of gains realized from such sales.[2]  If respond-

---

[1] Revenue Act of 1932, c. 209, 47 Stat. 169, § 111. Determination of Amount of Gain or Loss.

"(a) Computation of Gain or Loss.—Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b), and the loss shall be the excess of such basis over the amount realized.

. . . . .

"Sec. 113. Adjusted Basis for Determining Gain or Loss.

"(b) Adjusted Basis.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1) General Rule.—Proper adjustment in respect of the property shall in all cases be made—

"(A) for expenditures, receipts, losses, or other items, properly chargeable to capital account, including taxes and other carrying charges on unimproved and unproductive real property, but no such adjustment shall be made for taxes or other carrying charges for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years; . . ."

[2] Revenue Act of 1932, c. 209, 47 Stat. 169.

"Sec. 23. Deductions from Gross Income.  In computing net income there shall be allowed as deductions:

. . . . .

"(r) Limitation on Stock Losses.

"(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as

ent was engaged in the "business" of buying and selling securities, and the brokers' commissions were not a "part of the cost" of the securities purchased, but were ordinary business expenses, as defined in § 23 (a), respondent was justified in deducting the brokers' commissions from his gross income for the taxable year. However, if these commissions represent a part of the cost of the securities, respondent's right to deduct is limited by § 23 (r).

The Commissioner refused to permit the deductions beyond the extent of stock losses. His action was affirmed by the Board of Tax Appeals.[3] The Court of Appeals held the commissions deductible if respondent was engaged in the business of buying and selling securities, and remanded for a finding as to the nature of his business.[4]

Article 282, Treasury Regulation 77, issued under the 1932 Act, provides that "Commissions paid in purchasing securities are a part of the cost price of such securities." If this regulation governs, the respondent's contention cannot be sustained.

Regulations promulgated under the 1916 income tax law treated commissions in security purchases as a part of the securities' cost and not as ordinary expense deductions.[5] This interpretation has consistently reappeared in all regulations under succeeding tax statutes.[6] In the period since 1916 statutes have from time to time altered allowable deductions, but it is significant that Congress

---

defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations)."

[3] 35 B. T. A. 804.

[4] 93 F. 2d 494.

[5] See, Art. 8, Paragraph 108, T. R. 33 (Revised 1918).

[6] Art. 293 of T. R. 45 (1918), 62 (1921); Art. 292 of T. R. 65 (1924), 69 (1926); Art. 282 of T. R. 74 (1928), 77 (1932); Art. 24-2 of T. R. 86 (1934), 94 (1936).

substantially retained the original taxing provisions on which these regulations have rested.

Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reënacted statutes, are deemed to have received congressional approval and have the effect of law.[7]

There has been tacit, if not express, judicial approval for the administrative treatment of commissions as an element of the cost of securities. In *Hutton* v. *Commissioner*, 39 F. 2d 459, 460, the Court of Appeals recognized that " It has been a settled rule of the Treasury Department that commissions paid in purchasing securities are a capital expenditure as part of the cost price of the securities."

In recognition of this administrative regulation, it has been said here that ". . . commissions [paid for marketing bonds] do not differ from brokerage commissions paid upon the purchase or sale of property. The regulations have consistently treated such commissions, not as items of current expense, but as additions to the cost of property or deductions from the proceeds of sale, in arriving at net capital profit or loss for purposes of computing the tax." [8]

Respondent points to an apparent inconsistency between the general provision in Treasury Regulation 77, Article 121, that "Among the items included in business expenses are . . . commissions," and Article 282 which specifically and particularly declares that "Commissions paid in purchasing securities are a part of the cost price of such securities." Special provisions limit the application of those of a broad and general nature relating to the same subject. The special designation of security

---

[7] *United States* v. *Dakota-Montana Oil Co.*, 288 U. S. 459, 466; *Old Mission Co.* v. *Helvering*, 293 U. S. 289, 293, 294.

[8] *Helvering* v. *Union Pacific R. Co.*, 293 U. S. 282, 286.

purchase commissions as a "part of the cost price of such securities" contained in Article 282 evinces the clear intent to withdraw that special type of commission from the general classification of Article 121.[9]

Nor can it be inferred that the addition of § 23 (r) to the 1932 Act indicated any congressional purpose to alter or repeal the long existing administrative interpretation of non-deductible capital expenditures under which brokers' purchase commissions have been uniformly considered as a part of the cost of securities and not as current business expenses. This new statutory restriction of the allowance for losses from sales of stock bears no such relationship to the definition of cost price of securities as to lead to the conclusion that Congress intended to overthrow and abandon a settled practice of determining the elements of cost.

The brokers' purchase commissions here constituted a part of the acquisition cost of the securities involved, and are not allowable to the taxpayer as a deduction from gross income under § 23 (a) of the Revenue Act of 1932. Congress, in the exercise of its power to deny or limit deductions from gross income,[10] has—by § 23 (r)—limited this taxpayer's allowable deduction. He has a right to a deduction "only to the extent of . . . gains from . . . sales or exchanges" of stocks and bonds as therein provided. The fact—if it be a fact—that respondent was engaged in the business of buying and selling securities does not entitle him to take a deduction contrary to this provision.

The cause is reversed and remanded to the Court of Appeals for action in harmony with this opinion.

*Reversed.*

---

[9] Similarly, if the specific provisions of Article 282 are valid and have the present effect of law, respondent's contention that the commissions are uncompensated losses within the meaning of the general provisions of § 23 (e) (1) of the 1932 Act is unavailing.

[10] See, *Helvering* v. *Independent Life Ins. Co.*, 292 U. S. 371, 381.