**S. SLATER & SONS, Inc., v. WHITE, formerly Collector of Internal Revenue (two cases).**

**Nos. 7145, 7146.**

District Court, D. Massachusetts.

May 15, 1940.

George R. Stobbs (of Stobbs & Stockwell), of Worcester, Mass., and Norris Darrell and John F. Dooling, Jr. (of Sullivan & Cromwell), both of New York City, for plaintiff.

Fred J. Neuland, Sp. Asst. to the Atty. Gen. (Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to the Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

These are two actions to recover 1929 income taxes alleged to have been illegally collected from the plaintiffs and their affiliates. One of the plaintiffs, S. Slater & Sons, Inc., a Massachusetts corporation, was dissolved in 1936, and the parent company, S. Slater & Sons, Inc., a Delaware corporation, took over all of its assets, so that in reality there is but one cause of action before this court, and both actions will be disposed of as though they were one.

A stipulation of facts has been filed by the parties, and is adopted as my findings of fact under Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. In addition to the stipulation of facts, there was placed in evidence a copy of a letter written by the Commissioner of Internal Revenue to S. Slater & Sons, Inc., dated February 3, 1932, and there was also read into the record the form of "Authorization and Consent of Subsidiary Corporation included in the Consolidated Income Tax Return and Return of Infor-

mation for the Calendar Year 1929" which was filed by each of the subsidiary companies affiliated with the plaintiffs.

Briefly, the facts are that in 1926, the parent company, S. Slater & Sons, Inc., (hereinafter called Slater & Sons) which was not then affiliated with any other company, realized a loss of $664,639.99. In 1927 two subsidiary corporations were organized: Slater Company, Inc., (hereinafter called Slater Co.) and Slater Mills, Inc., (hereinafter called Slater Mills). For the years 1927 and 1928 consolidated returns were filed by this group under the then existing statute permitting such returns. In 1929 a similar consolidated return was filed, and it is with this return, and the net losses sustained in the prior years, that we are concerned.

The separate income and losses of each of the companies appear in the following table where profits are designated by the letter "P" and losses by the letter "L":

|  | 1926 | 1927 | 1928 | 1929 |
|---|---|---|---|---|
| Slater & Sons | L $664,639.99 | P $212,128.47 | P $488,743.92 | L $ 20,996.10 |
| Slater Co. | — | L 106,127.28 | L 51,152.35 | P 125,223.57 |
| Slater Mills | — | L 163,038.93 | P 49,892.23 | P 105,382.85 |

The Revenue Act of 1928 is the applicable taxing statute. The portion of the act that is pertinent to this case is Section 141, 26 U.S.C.A. Int.Rev.Acts, page 396, and reads in part as follows:

"Sec. [§] 141. Consolidated Returns of Corporations—1929 and Subsequent Taxable Years

"(a) Privilege to File Consolidated Returns. An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year 1929 or any subsequent taxable year, in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) prescribed prior to the making of such return. * * *

"(b) Regulations. The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of an affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after

the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and to prevent avoidance of tax liability."

Under the authority of (b) above, the Commissioner promulgated Regulations 75 of which the following is a part:

"Art. 41.—Net Losses.

"(a) Consolidated Net Loss for 1929 or subsequent Taxable Year.

"A net loss sustained by an affiliated group for any taxable year (that is, 1929 or any subsequent taxable year) for which a consolidated return is made or is required shall be allowed, in the same manner, to the same extent, and upon the same conditions as if the group were a single corporation, as a deduction (1) in computing the consolidated net income of such group for the succeeding taxable years, or (2) if consolidated returns are not made or required, then in computing the net income of the parent corporation for such years, or (3) if the parent becomes a subsidiary in another affiliated group which makes a consolidated return, then in computing the consolidated net income of such other group for such years. In no case will any such net loss be allowed in computing the net income of a subsidiary (whether on a separate return or a consolidated return of another affiliated group of which the subsidiary has become a member).

"(b) Consolidated Net Loss for Years prior to 1929.

"A consolidated net loss sustained for either of the two taxable years immediately preceding the taxable year 1929, in the case of a parent corporation and one or more other corporations which made a consolidated return for such year, shall, if such parent is a member of an affiliated group which makes a consolidated return for the taxable year 1929 or the next succeeding taxable year, be allowed as a deduction in computing the consolidated net income of such group for 1929 or the next succeeding taxable year in the same manner, to the same extent, and upon the same conditions as if such group were a single corporation

and the same taxpayer, except that no part of any such consolidated net loss which has previously been allowed, or is allowable, as a deduction in computing the net income of any such corporation which is not a member of such affiliated group during 1929 or the next succeeding taxable year, shall be allowed as a deduction in computing such consolidated net income for 1929 or the next succeeding taxable year. In no case will any such consolidated net loss be allowed in computing the net income for the taxable year 1929 or the next succeeding taxable year of a subsidiary (whether on a separate return or a consolidated return of another affiliated group) which during any part of the taxable year 1929 or the next succeeding taxable year is a member of an affiliated group for which a consolidated return is made.

"(c) Net Loss Sustained by Separate Corporation Prior to Consolidated Return Period.

"A net loss sustained by a corporation prior to the date upon which its income is included in the consolidated return of an affiliated group (including any net loss sustained prior to the taxable year 1929) shall be allowed as a deduction in computing the consolidated net income of such group in the same manner, to the same extent and upon the same conditions as if the consolidated income were the income of such corporation; but in no case in which the affiliated status is created after January 1, 1929, will any such net loss be allowed as a deduction in excess of the cost or the aggregate basis of the stock of such corporation owned by the members of the group."

It is to be noted that these regulations were made applicable to 1929 and subsequent taxable years, and that Section 141 of the act made it a condition precedent to the right to file a consolidated return that the members of the affiliated group, filing such return, consent to all of the regulations prescribed by the Commissioner prior to the making of such a return. This was an innovation from the prior consolidated return legislation. In all other respects the taxing statutes were substantially the same.

This taxpayer claims a right to file a consolidated return for itself and its affiliates for the year 1929, and to adopt the method of computation approved in Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128. That case is authority for the proposition that each corporate affiliate filing a consolidated tax return is a taxpayer, and that net losses may be deducted only from the net income of the corporation suffering the loss.

The Government contends, in view of the language of the 1928 Act, which made it a condition precedent to a right to file such a return that the members of an affiliated group consent to the regulations authorized under (b) of Section 141 of that act, that the Woolford case is not controlling here, but that when the taxpayer elected to file a consolidated return for 1929 under the authority of Section 141 of the Revenue Act of 1928, it thereby consented to and agreed to be bound by all of the regulations that had been promulgated, which included Article 41, (a), (b), and (c) of Regulations 75.

Until the decision in the Woolford case, supra, which was decided by the Supreme Court on May 16, 1932, the Commissioner had ruled that each group of affiliated taxpayers, filing a consolidated return, was to be treated as though it were a single corporation and the same taxpayer. As early as 1930 there had been decisions of lower courts which questioned the soundness of this view. See Swift & Co. v. United States, Ct.Cl., 38 F.2d 365 and Sweets Company of America v. Commissioner of Internal Revenue, 2 Cir., 40 F.2d 436. The Woolford case decided this question and the Government freely admits that under that decision the contentions of the taxpayer would prevail here were it not for the fact that the Congress, in re-enacting this statute in 1928, added a provision to the effect that thereafter those who chose to file consolidated returns must agree to be bound by the regulations in existence at the time that their return was filed.

If the taxpayer's theory is adopted for the year 1927 the consolidated return for the three corporations shows a consolidated net loss of $269,166.21. This is arrived at by adding the losses of Slater Co., and Slater Mills together. The gain that Slater & Sons made of $212,128.47 during that year was cancelled by its losses in the previous year.

If the Government's theory is used for the same year the consolidated net loss is $57,037.74. This is arrived at by simply adding the income of each of the corporations during that year as follows:

Slater & Sons............. P $212,128.47
Slater Co................. L   106,127.28
Slater Mills.............. L   163,038.93

L $ 57,037.74

Slater & Sons' 1926 loss was not needed as an offset, and would be available to that taxpayer in the next year.

If the taxpayer's theory is adopted in 1928 it would result in a consolidated net loss of $14,919.95. This is arrived at by offsetting the balance of the 1926 loss of Slater & Sons which had not been used in 1927 which amounted to $452,511.52 against its income during 1928 which would leave a net income of $36,232.40. Slater Co. showed a loss during 1928. Slater Mills' income during that year of $49,892.23 was completely offset by its 1927 losses. The net loss of Slater Co., during that year is deducted from the net income of Slater & Sons, leaving a consolidated net loss of $14,919.95.

If the Government's theory were adopted during that year, and the income and losses of the three companies were added, they would show a combined income during that year of $487,483.80 as follows:

Slater & Sons............. P $488,743.92
Slater Co................. L   51,152.35
Slater Mills.............. P   49,892.23

P $487,483.80

but the 1926 loss of Slater & Sons could be utilized to offset this net income, resulting in no tax being payable during that year.

Coming now to the 1929 return, which is the one before me, if the taxpayer's theory is adopted there would be a consolidated net loss for that year of $16,819.76 which is arrived at as follows: Slater & Sons suffered a net loss of $20,996.10. Slater Co. showed income during that year of $125,223.57, but this was offset by its 1927 loss of $106,127.28 and the balance of its 1928 loss not used as an offset in the previous year, making a total offset of $121,047.23, and leaving a net reportable income of $4,176.34. Slater Mills' income of $105,382.85 during that year was completely offset by the balance of its 1927 losses which had not been utilized by it in 1928 in the amount of $113,146.70, so that it showed zero profit and loss for that year. Consolidating the net loss of Slater & Sons with the net gain of Slater Co. would show a consolidated net loss of $16,819.76 for that year, and hence no tax due.

If the Government's theory is adopted the added income and loss of the three companies for the year 1929 would show a net income of $209,610.32 as follows:

Slater & Sons............. L $ 20,996.10
Slater Co................. P   125,223.57
Slater Mills.............. P   105,382.85

P $209,610.32

which could be offset by the consolidated net loss suffered in 1927 in the amount of $57,037.74, leaving a net consolidated income of $152,572.58 on which the money that is herein sought to be recovered was paid as a tax.

If it is argued that the Government anticipated the Woolford decision, and sought to impose upon the taxpayer a method of computation which was not countenanced in that case, it seems reasonably clear that Congress in enacting the 1928 Act gave the Commissioner that very power. In that statute Congress provided in Section 141(b) that the Commissioner might prescribe such regulations as he deemed necessary "in order that the tax liability of an affiliated group of corporations * * * may be determined * * * in such manner as clearly to reflect the income and to prevent avoidance of tax liability." Regardless of what the Supreme Court was later to say in the Woolford case Congress gave to the Commissioner a broader power than he had previously possessed to prescribe regulations which would be binding on anyone who elected to file a consolidated return. Some recognition of Regulations 75 was given in the Woolford case where the court said at page 330 of 286 U.S., at page 571 of 52 S.Ct., 76 L.Ed. 1128: "The Revenue Act of 1928, § 141(b) [26 U.S. C.A. Int.Rev.Acts, page 396], protects against unfair evasions in the making of consolidated returns by increasing the discretionary power of the Commissioner in prescribing regulations."

The exercise by the Commissioner of the power granted to him in the 1928 Act was neither capricious nor arbitrary. He was simply carrying out the view consistently maintained by him, that each group of affiliated corporations should be considered as though it were a single corporation and the same taxpayer. Congress gave the Commissioner the right to insist that this view be adopted by all who filed such returns in 1929 or thereafter. When this taxpayer filed its 1929 consolidated return that constituted acceptance by

334

all of the affiliated corporations of the regulations that had been prescribed. Ilfeld Co. v. Hernandez, 292 U.S. 62, 65, 54 S.Ct. 596, 78 L.Ed. 1127. These regulations now have the effect of law by reason of the substantial reenactment of Section 141(a) and (b) of the 1928 Act in the 1932 Revenue Act, 26 U.S.C.A. Int.Rev.Code § 141(a, b). See United States v. Dakota-Montana Oil Co., 288 U.S. 459, 466, 53 S. Ct. 435, 77 L.Ed. 893. See, also, Brewster v. Gage, 280 U.S. 327, 336, 50 S.Ct. 115, 74 L.Ed. 457; Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 83 L.Ed. 52.

The phraseology of the regulations is clear and unambiguous. Considering the Act of 1928 and the regulations together, I can only conclude that the Government's theory of computation is the correct one, and that the theory suggested by the taxpayer is improper in view of Regulations 75, Article 41, (a), (b), and (c).

## Conclusions of Law.

1. That Article 41(b), Regulations 75, is a valid exercise of the authority conferred upon the Commissioner of Internal Revenue by the provisions of Section 141(b) of the Revenue Act of 1928.

2. That plaintiff, having consented to be bound by the provisions of Regulations 75, prior to the filing of its 1929 consolidated return, is required to compute its consolidated net taxable income for the year 1929 in accordance with Article 41(b) thereof.

3. That Article 41(b), Regulations 75, requires plaintiff to carry forward the consolidated net loss sustained by the affiliated group for the year 1927 as an allowable deduction in determining its consolidated net taxable income for the year 1929 in the same manner as if such affiliated group were a single corporation.

4. That plaintiff is not entitled to compute its consolidated net taxable income for the year 1929 by carrying forward as a deduction the net losses sustained by an affiliate, not offset in the prior years by the income of other affiliates, in computing the net taxable income of that affiliate for the year 1929.

5. That the income taxes sought to be recovered in these actions were properly, correctly and lawfully determined and assessed by the Commissioner of Internal Revenue and legally collected from S. Slater & Sons, Inc., the Massachusetts corporation, plaintiff herein, and by reason thereof, plaintiffs' petitions must be dismissed at plaintiffs' costs.

Judgment in each case is to be entered in favor of the defendant.