ESTATE OF FRANK A. CRUIKSHANK, DECEASED, RUBY CRUIKSHANK WALLACE, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10354.   Promulgated July 31, 1947.

*Bertram H. Kenyon, Esq.*, for the petitioner.
*Hobby H. McCall, Esq.*, for the respondent.

164

OPINION.

OPPER, *Judge*: There is no dispute between the parties as to the necessity of valuing the stock in the closely held corporation of decedent's family by arriving at its net asset value. And the fair market value of the securities and real estate held as assets by the corporation is stipulated. The sole controversy is as to the propriety of reducing that undisputed value by the amounts of commissions and stamp and capital gains taxes which would become payable if the assets were converted into cash by sales.

The corporation was an investment company and not an operating company. It is hence dissimilar to a venture in which buying and selling are ordinary business operations. The property forming the source of the corporation's income would presumably serve its purpose if it were retained for the collection of income. The cost of conversion into cash is hence not a deduction called for by the character of the corporate business. Cf. *The Evergreens*, 47 B. T. A. 815; affd. (C. C. A., 2d Cir.), 141 Fed. (2d) 927; certiorari denied, 323 U. S. 720; *Estate of Henry E. Huntington*, 36 B. T. A. 698; cf. *Helvering* v. *Winmill*, 305 U. S. 79.

In valuing property as such, as distinguished from a going business, the costs of disposal like broker's commissions are not a proper deduction. *Estate of Henry E. Huntington, supra.* Still less do we think a hypothetical and supposititious liability for taxes on sales not made nor projected to be a necessary impairment of existing value. We need not assume that conversion into cash is the only use available to an owner, for property which we know would cost him market value to replace. *Helvering* v. *LeGierse*, 312 U. S. 531.

Appraisal of the corporation's stock on the conceded approach of asset value seems to us to involve valuing the assets in the same way that they would be if they themselves were the subject of transfer. See *Estate of Henry E. Huntington, supra.* So approached, there is no place in the calculation for such diminutions as petitioner proposes. It does not contend for reduction of a per share figure because of decedent's minority interest, though it does urge that as a reason for employing liquidating value. Even if the contention were more persuasive in theory, see *Richardson* v. *Commissioner* (C. C. A., 2d Cir.), 151 Fed. (2d) 102, there is no evidence here that there was on that account a smaller value for this stock. Since respondent has conceded a slight adjustment below the deficiency as determined,

*Decision will be entered under Rule 50.*