GROVER D. TURNBOW AND RUTH H. TURNBOW, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69429. Filed June 12, 1959.

*M. W. Dobrzensky, Esq.*, and *S. H. Dobrzensky, Esq.*, for the petitioners.

*Nat. F. Richardson, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* Petitioner owned all of the outstanding stock of Supply, which was voting stock. In 1952, he received in exchange for all of his stock in Supply 82,375 shares of common stock of Foremost and $3,000,000 in cash, so-called "boot." The question before us is limited to whether the provisions of section 112(c)(1) of the 1939 Code [2] apply to the transaction. Respondent has determined that section 112(c)(1) does not apply and, that therefore, the entire gain is taxable under section 112(a).

Petitioner contends that, in considering whether section 112(c)(1) applies to the transaction, it is necessary and proper to look to section 112(b)(3) [3] *after omitting* the cash payment involved in the transaction. Respondent contends that there must be a qualifying reorganization within the meaning of section 112(g)(1)(B) [4] before section 112(c)(1) can come into play insofar as section 112(c)(1) refers to an exchange within the provisions of section 112(b)(3).

Subsection (b) of section 112 allows various exceptions from subsection (a), which states the general rule that the entire amount of the gain shall be recognized upon the sale or exchange of property. Subsection (b) deals with exchanges solely in kind, whereas subsection (c) deals with the treatment of gain from exchanges which are not solely in kind, but only *if* an exchange *would be within* (1), (2), (3), or (5), *if it were not for the fact that the property received in exchange consists* not only of property permitted by (1), or (2), or (3), or (5), but

[2] SEC. 112(c). GAIN FROM EXCHANGES NOT SOLELY IN KIND.—

(1). If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5), or within the provisions of subsection (1), of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph or by subsection (1) to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

[3] SEC. 112. RECOGNITION OF GAIN OR LOSS.

(a) GENERAL RULE.—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) EXCHANGES SOLELY IN KIND.—

* * * * * * *

(3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

[4] SEC. 112(g). DEFINITION OF REORGANIZATION.—As used in this section * * *.—

(1) The term "reorganization" means * * *, or (B) the acquisition by one corporation, in exchange solely for all or a part of its voting stock, of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of another corporation, * * *

*also of other property or money.* Directing our attention to section 112(b)(3), it is noted that among the requirements contained therein is the specification that the property involved must be stock or securities which is exchanged *solely* for stock or securities. Both of the sections involved here, subsection (b)(3) and subsection (c)(1), are provisions of long standing which were reenacted in the successive revenue acts which preceded the 1939 Code. In both the regulations of the Commissioner and in this Court's interpretation of section 112(c) (1), it has been understood that in order to give effect to the provisions of section 112(c)(1) the *method* to be followed is first to *omit* the item of cash (or other property) from the transaction and then to determine whether the exchange *would be* within subsection (b)(3). Otherwise, section 112(c)(1) would have no meaning in the context of its references to particular subsections of section 112(b).

In *Luther Bonham,* 33 B.T.A. 1100, 1103–1104 (1936), this Court concluded that the method of applying the statute was as follows:

It is necessary therefore to determine whether or not the exchange of * * * stock for * * * stock *would be* within the provisions of subsection (b)(3) *if the item of cash had been omitted* and only * * * stock had been received in exchange for * * * stock. [Italics supplied.]

In *Howard* v. *Commissioner,* 238 F. 2d 943, 948 (1956), reversing 24 T.C. 792, on the basis of a question which was not reached by this Court, the following was stated:

Thus we may conclude that, in determining when these so-called "boot" provisions apply, Congress intended that the transaction is to be considered separately and apart from the "boot" received in determining whether it meets the nonrecognition provisions. If the transaction, absent the "other property or money," fulfills the requirements of section 112(b)(3), then gain is to be recognized to the extent that "boot" is received.

In the instant case, *but for* the cash received in exchange for * * * common stock of Binkley, the transaction would have met the "solely" requirement of section 112(g)(1)(B) and fallen within the scope of section 112(b)(3). To the extent that "boot" was received, gain would be recognized under our interpretation of section 112(c)(1). * * *

The view expressed in *Howard* v. *Commissioner, supra,* corresponds with the opinion which was expressed by this Court in the *Bonham* case. Our problem here is whether we should adhere to our understanding of the *method* to be followed in determining whether section 112(c)(1) applies in an exchange of stock solely for stock, plus money.

Consideration has been given to the respondent's regulation, Regs. 118, sec. 39.112(g)–4 (issued September 26, 1953, and applicable to taxable years beginning after December 31, 1951), which is set forth in the margin.[5] Regs. 111, sec. 29.112(g)–4 (issued by respondent in

[5] Sec. 39.112(g)–4 *Exchanges in reorganization for stock or securities and other property or money.* (a) If in an exchange of stock or securities in a corporation a party to a reorganization, in pursuance of the plan of reorganization, for stock or securities in the same corporation or in another corporation a party to the reorganization, there is received

October 1943 and applicable to taxable years beginning after December 31, 1941), contain provisions which are identical with Regs. 118, sec. 39.112(g)–4. The provisions of section 112(c)(1) of the 1939 Code were reenacted in substantially identical language in section 351(b) of the 1954 Code, and respondent's regulations promulgated under the 1954 Code, section 1.351–2(a) restate in substantially identical language what was stated in Regs. 111, sec. 29.112(g)–4, and Regs. 118, sec. 39.112(g)–4.

Thus, there has been a long-standing and continuous construction of section 112(c)(1) (and the corresponding section in the earlier revenue acts) which has remained unchanged over the years in the face of the several reenactments of the statutory provision, as well as the amendment in the 1934 Act of section 112(g)(1)(B), when there was introduced into subsection (g)(1)(B) the word "solely," in harmony with the provisions of subsections (b)(2), (b)(3), (b)(4), and (b)(5) which also contained the word "solely," and contained "solely" for many years. The respondent's regulations, therefore, are deemed to have received the approval of Congress. *Helvering* v. *Winmill*, 305 U.S. 79; *Lykes* v. *United States*, 343 U.S. 118. Respondent has not offered any explanation for his departure in this case from his long-standing interpretation of section 112(c)(1) set forth in his regulations.

In this circumstance, and since this Court's view of the *method* to be followed in applying the provisions of section 112(c)(1) is in accord with the respondent's long-standing regulations, we do not find cause for changing our construction of section 112(c)(1), and in this case we conclude that it should be followed.

The respondent's error is that he has seen fit here not to omit the item of cash in determining whether the transaction of petitioner and Foremost involved an exchange of the stock of Supply solely for stock of Foremost within the provisions of section 112(b)(3).

Accordingly it is held, that *but for* the cash received by petitioner in the transaction involving the exchange of all of the stock of Supply for part of the stock of Foremost, the exchange would have met the "solely" requirement of section 112(g)(1)(B) and fallen

---

by the taxpayer other property (not permitted to be received without the recognition of gain) or money, then

(1) As provided in section 112(c)(1), the gain, if any, to the taxpayer will be recognized in an amount not in excess of the sum of money and the fair market value of the other property, but

(2) The loss, if any, to the taxpayer from such an exchange is not to be recognized to any extent (see section 112(e)).

(b) The application of paragraph (a) of this section may be illustrated by the following example:

*Example.* A, in connection with a reorganization, in 1952, exchanges a share of stock in the X Corporation purchased in 1929 at a cost of $100 for a share of stock of the Y Corporation (a party to the reorganization), which has a fair market value of $90, plus $20 in cash. The gain from the transaction is $10 and is recognized and taxed as a gain from the exchange of property. But see section 117. However, if the share of stock received had a fair market value of $70, the loss from the transaction of $10 would not be recognized.

within section 112(b)(3). *Howard* v. *Commissioner, supra* at 948. Therefore, under section 112(c)(1) the gain to petitioner may not be recognized in an amount in excess of $2,984,992.77, which is the net amount of $3,000,000 less allowable expenses.

Recomputations are required under Rule 50 because of concessions or abandonment of the parties in respect to other adjustments.

*Decision will be entered under Rule 50.*