THIRD NATIONAL BANK IN NASH-
VILLE, William F. Howard and Laur-
ence B. Howard, Jr., Co-Executors of
the Estate of Ellen F. Stempfel, Plain-
tiffs-Appellees,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 19741.

United States Court of Appeals,
Sixth Circuit.

May 28, 1970.

Stuart A. Smith, Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief; Charles H. Anderson, U. S. Atty., Nashville, Tenn., of counsel, for appellant.

William F. Howard, Nashville, Tenn., Boult, Hunt, Cummings & Conners, Nashville, Tenn., on the brief, for appellees.

Before WEICK and EDWARDS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

EDWARDS, Circuit Judge.

In this case the United States appeals from a decision of the United States District Court for the Middle District of Tennessee. In a careful opinion the United States District Judge held that legal fees arising out of an appraisal proceeding through which taxpayers'[1] minority stockholding was appraised for purposes of a merger acquisition were ordinary and necessary business expenses and deductible under section 212 of the Internal Revenue Code of 1954. The District Judge relied largely upon Heller v. Commissioner of Internal Revenue, 2 T.C. 371 (1943), aff'd, 147 F.2d 376 (9th Cir.), cert. denied., 325 U.S. 868, 65 S.Ct. 1405, 89 L.Ed. 1987 (1945).

Since the decision of this case in the United States District Court, the United States Supreme Court has decided Woodward v. Commissioner, 397 U.S. 572, 90 S.Ct. 1302, 25 L.Ed.2d 577 (1970), and United States v. Hilton Hotels Corp., 397 U.S. 580, 90 S.Ct. 1307, 25 L.Ed.2d 585 (1970). In these two cases the Supreme Court effectively reversed the *Heller* case upon which the District Court had relied. The Supreme Court held:

"It has long been recognized, as a general matter, that costs incurred in the acquisition *or disposition* of a capital asset are to be treated as capital expenditures. The most familiar example of such treatment is *the capitalization of brokerage fees for the sale or purchase of securities*, as explicitly provided by longstanding Treasury regulation, Treas.Reg. 1.263 (a)–2(e), and as approved by this

---

1. Plaintiffs-appellees are Co-executors of the Estate of Ellen P. Stempfel, the original minority stockholder.

344

Court in Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52 (1938) and Spreckels v. Commissioner of Internal Revenue, 315 U.S. 626, 62 S.Ct. 777, 86 L.Ed. 1073 (1942). The Court recognized that brokers' commissions are 'part of the [acquisition] cost of the securities,' Helvering v. Winmill, *supra*, at 84, 59 S.Ct. at 47, and relied on the Treasury regulation, which had been approved by statutory reenactment, to deny deductions for such commissions even to a taxpayer for whom they were a regular and recurring expense in his business of buying and selling securities.

"The regulations do not specify other sorts of acquisition costs, but rather provide generally that 'the cost of acquisition * * * of * * * property having a useful life substantially beyond the taxable year' is a capital expenditure. Treas.Reg. 1.263(a)–2 (a). *Under this general provision, the courts have held that legal, brokerage, accounting and similar costs incurred in the acquisition or disposition of such property are capital expenditures. See, e. g.,* Spangler v. Commissioner, 323 F.2d 913, 921 (C.A. 9th Cir. 1963); United States v. St. Joe Paper Co., 284 F.2d 430, 432 (C.A. 5th Cir. 1960). See generally 4A J. Mertens, Law of Federal Income Taxation §§ 25.25, 25.26, 25.40, 25A.15 (1966 ed.). The law could hardly be otherwise, for such ancillary expenses incurred in acquiring or disposing of an asset are as much part of the cost of that asset as is the price paid for it.

\*     \*     \*     \*     \*     \*

"This is not such a borderline case. Here state law required taxpayers to 'purchase' the stock owned by the dissenters. In the absence of agreement on the price at which the purchase was to be made, litigation was required to fix the price. Where property is acquired by purchase, nothing is more clearly part of the process of acquisition than the establishment of a purchase price. Thus the expenses incurred in that litigation were properly treated as part of the cost of the stock which the taxpayers acquired." Woodward v. Commissioner, *supra* at 397 U.S. 575, 90 S.Ct. 1305 (Footnotes omitted.) (Emphasis added.)

While we recognize that in the instant case the taxpayers are sellers of stock rather than purchasers, as is true in the *Woodward* and *Hilton* cases, we believe the Supreme Court clearly intended its ruling to apply to both. The words "or disposition" indicate this, as does the use of the "familiar example" of "the capitalization of brokerage fees for the sale or purchase of securities."

We believe that the legal fees at issue here were part of the expense of determining the sale price of the stock and, hence, were capital expenditures rather than ordinary and necessary business expenses.

The judgment of the District Court is vacated and the case is remanded for entry of judgment in accordance with this opinion.