**Stanton L. REESE, Plaintiff,**

**v.**

**C. Marshall DANN, Commissioner of Patents, Defendant.**

**Civ. A. No. 74–572.**

United States District Court, District of Columbia.

March 18, 1975.

———◆———

Harvey B. Jacobson, Jr., Simor L. Moskowitz, Washington, D. C., for plaintiff.

Joseph F. Nakamura, Sol., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

McGUIRE, District Judge.

This is an action seeking judicial review of a decision by the Commissioner of Patents denying plaintiff a retroactive license for a foreign patent filing pursuant to 35 U.S.C. § 184. Jurisdiction is founded upon certain sections of the Administrative Procedure Act, viz., 5 U.S.C. §§ 702–704, 28 U.S.C. §§ 1338 and 1361, and §§ 181–185 of 35 U.S.C.

On January 18, 1973, plaintiff filed the application in suit as a continuation-in-part.[1] This application claimed both the conveyances for transporting radioactive materials and also the vehicles for transporting and protecting a radioactive materials container. The file

---

1. The parent application, filed approximately two years earlier and entitled "Radioactive Materials Transporting Container", claimed (i) containers for transporting radioactive materials and (ii) transporting vehicles. In an Office action of February 8, 1972, the Patent Office Examiner indicated that a restriction requirement (35 U.S.C. § 121) to the container or vehicle "would . . . be proper." Defendant's Exhibit 1, p. 23. Following an amendment, the Examiner indicated allowability of claims drawn to containers and cancelled the claim "drawn to a conveyance for transporting radioactive materials." *Id.* at 37–38. In due course, the application was allowed and issued as U.S. Patent 3,727,059 on April 10, 1973. *Id.* at 52–56.

wrapper and the records of the Security Group of the Patent Office indicate that the application was reviewed by personnel of the Air Force, Navy, Corps of Engineers, Army Material Command and Atomic Energy Commission. All recommended against issuance of a secrecy order. Consequently, the Commissioner of Patents did not place the application under a secrecy order pursuant to 35 U.S.C. § 181.[2]

Less than six months after the application was filed, plaintiff inadvertently[3] filed similar applications in Canada, France, Germany, Great Britain and Japan. On May 3, 1973 he filed a "Petition for Retroactive License for Foreign Filing" with the Patent Office.[4] June 20, 1973, the Security Licensing and Review Section of the Patent Office denied the request thus made, stating:

The above application involves radioactive material and thus had to [be] placed in review before the Atomic Energy Commission. Hence the invention involves subject matter within the scope of 35 U.S.C. § 181, Iron

Ore Company of Canada v. The Dow Chemical Company, et al. 177 USPQ 34.

Defendant's Exhibit 2, p. 73. Thereafter, plaintiff timely filed a request for reconsideration, a petition to the Commissioner seeking review of the denial of a retroactive license, and a Petition to the Commissioner for Reconsideration. All were denied and this action followed.

The matter is presently before the Court on Defendant's motion for summary judgment which itself is based on the administrative record before the Patent Office. Questions related to scope of review and procedures employed by the Commissioner and the Patent Office have been raised, but in the Court's view their resolution is unnecessary, since the disposition of defendant's motion turns on the more fundamental issue of whether the Patent Office, while admittedly relying on *Iron Ore, supra,* nevertheless misinterpreted the operative language of 35 U.S.C. § 184 and improperly applied an unreasonably

---

2. 35 U.S.C. § 181 provides in pertinent part:
Whenever the publication or disclosure of an invention by the granting of a patent, in which the Government does not have a property interest, might, in the opinion of the Commissioner, be detrimental to the national security, he shall make the application for patent in which such invention is disclosed available for inspection to the Atomic Energy Commission, the Secretary of Defense, and the chief officer of any other department or agency of the Government designated by the President as a defense agency of the United States.

&ast; &ast; &ast; &ast; &ast;

. . . If, in the opinion of the Atomic Energy Commission, the Secretary of a Defense Department, or the chief officer of another department or agency so designated, the publication or disclosure of the invention by the granting of a patent therefor would be detrimental to the national security, the Atomic Energy Commission, the Secretary of a Defense Department, or such other chief officer shall notify the Commissioner and the Commissioner shall order that the invention be kept secret and withhold the grant of a patent for such period as the

national interest requires, and notify the applicant thereof.

3. It is conceded that the filing was inadvertent. *See* Memorandum in Support of Defendant's Motion for Summary Judgment, p. 3.

4. 35 U.S.C. § 184 provides in pertinent part:
Except when authorized by a license obtained from the Commissioner a person shall not file or cause to be filed in any foreign country prior to six months after filing in the United States an application for patent or for the registration of a utility model, industrial design, or model in respect of an invention made in this country. A license shall not be granted with respect to an invention subject to an order issued by the Commissioner pursuant to section 181 of this title without the concurrence of the head of the departments and the chief officers of the agencies who caused the order to be issued. The license may be granted retroactively where an application has been inadvertently filed abroad and the application does not disclose an invention within the scope of section 181 of this title.

restrictive construction to the grant of a retroactive license as here petitioned.

Iron Ore Co. of Canada v. The Dow Chemical Co., 177 USPQ 34 (D.Utah 1972), aff'd on other grounds, 500 F.2d 189 (10th Cir. 1974), involved, *inter alia*, the question of whether the mere determination by the Commissioner that disclosure of an invention "might . . be detrimental to the national security" precludes issuance of a retroactive license pursuant to 35 U.S.C. § 184. The Court, finding the legislative history and decided case law of little or no assistance, focused its attention upon the language of 35 U.S.C. §§ 181 and 184, and their companion provisions, §§ 182, 185 and 186. It noted that the phrase "within the scope of" is not synonymous with the phrase "subject to an order," and concluded that "Congress meant to set up a different and a more restrictive set of conditions for a retroactive license [under § 184] . . . if 'scope' is to have any practical meaning." *Id.*, 177 USPQ at 55. It further concluded that the Commissioner's determination that publication or disclosure of an invention might be detrimental to the national security caused the application containing that invention to come within the "scope" of the second paragraph of § 181, thereby stripping that officer of any further authority to grant a valid retroactive license pursuant to § 184. It recognized that this construction might indeed seem harsh, but concluded that any inequity was overcome by the overriding public interest in "requiring inventions which may affect the national security to be presented so that the Patent Office and other governmental agencies will at least have the opportunity to consider them for secrecy orders before they are disclosed abroad and possibly irreparable damage to the national interest committed." *Id.*

This Court agrees that there certainly exists a dearth of legislative history[5] and judicial opinion which could be utilized in resolving the issue here but is unable to reach the same legal conclusion as that reached by the Court in *Iron Ore*. The reasons are these. First, while it may be presumed that Congress meant and intended to distinguish between the phrases "within the scope of" and "subject to an order," it does not appear that the Court in *Iron Ore* when considering their semantical differences, and there are such, took into account all the circumstances which might possibly bring about an application for a retroactive license. Thus, the use of the phrase "within the scope of" is required to adequately cover a situation where an application for a retroactive license is made for an invention which is not then subject to a secrecy order but which had previously been so subject. Were the phrase "subject to an order" employed with respect to issuance of retroactive licenses, this category of applications, while not entitled to a retroactive license as such, would not be excluded from eligibility.

Second, it would appear that *Iron Ore's* strict interpretation of § 184 results in an unnecessarily harsh deterrent to foreign disclosures detrimental to national security. By its very terms § 184 does not provide relief to an inventor who deliberately files abroad. Moreover, even if the inventor's foreign filing were inadvertent, the Commissioner can refuse to exercise his discretion to issue a retroactive license if a secrecy order has at any time been in effect. In addition, § 186 imposes the substantial deterrent of a criminal penalty for an unlawful foreign disclosure. Finally, treating § 184 as a deterrent where these other safeguards exist would seem to

5. *See, e. g.*, H.R.Rep.No.1028, 82d Cong. 1st Sess. (1951) ; S.Rep.No.1001, 82d Cong., 1st Sess. (1951) ; Hearings on H.R. 6389 "To Amend the Act Relating to Preventing the Publication of Inventions in the National Interest, And For Other Purposes," Before Subcommittee No. 4 of the House Comm. on the Judiciary, 81st Cong., 2d Sess., ser. 24 (1950).

be utterly inconsistent with and repugnant to the section's remedial character.

Another rule of construction supports this conclusion. In Lindberg v. Brenner, 130 U.S.App.D.C. 257, 260, 399 F.2d 990, 993 (1968), the Court of Appeals for this Circuit stated:

> "We believe that appellee properly invokes the rule set forth in, *e. g.*, Bate Refrigerating Co. v. Sulzberger, 157 U.S. 1, 15 S.Ct. 508, 39 L.Ed. 601 (1894), that 'if there be reasonable ground for adopting either of two constructions, this court, without departing from sound principle, may well adopt that construction which is in harmony with the settled practice of the executive branch of the government * * *.' 157 U.S. at 34, 15 S.Ct. at 515. When statutes are susceptible of different readings it is practically axiomatic that 'administrative interpretation, practice and usage is accorded great weight as an extrinsic aid in the interpretation of statutes by courts.' 3 Sutherland, Statutory Construction § 6605 (3d ed. 1943); Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52 (1938). Such deference is paid by the courts, especially when the construction placed upon a statute by the administrative agency is contemporaneous with its enactment; the practice is long standing; or the agency suggested the legislation subsequently enacted. The rationale for such decisions is thought to be a presumed congressional acquiescence.

Until *Iron Ore*, the Patent Office followed the practice of issuing a retroactive license under § 184 where the inventor had inadvertently filed abroad and the U.S. application had not been the subject of a secrecy order under § 181.[6] It thus appears that the *Iron Ore* Court in interpreting the acknowledged ambiguous provisions of § 184 did not manifest the deference, indeed the "very great respect," due this administrative construction. Edwards's Lessee v. Darby, 25 U.S. (12 Wheat.) 206, 209, 6 L. Ed. 603 (1827), *see also* Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

The Court is fully cognizant that the Patent Office, in denying plaintiff's application for a retroactive license, felt itself bound by *Iron Ore* and, therefore, departed from its antecedent practice. For the reasons set forth above, however, this Court finds itself in disagreement with the conclusions reached in that case and, consequently, concludes that the Commissioner did not act in accordance with the law in denying plaintiff, in the circumstances here, a retroactive license for a foreign patent filing.

Accordingly, it is this 18th day of March, 1975,

Ordered, that defendant's motion for summary judgment be, and the same hereby is, denied.

---

6. This is evident from the factual pattern presented in *Iron Ore* and was confirmed by counsel for defendant during oral argument of this motion.