TRICO PRODUCTS CORPORATION v.
McGOWAN.

No. 229, Docket 20940.

Circuit Court of Appeals
Second Circuit.

July 21, 1948.

Kenefick, Cooke, Mitchell, Bass & Letch-
worth, of Buffalo, N. Y., and Sherpick,
Gilbert, Regan & Davis of New York City
(Bruce Bromley, Roswell Magill, William

Gilbert, Richard T. Davis and John W. Riehm, all of New York City, of counsel), for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Sewall Key, Lee A. Jackson and Homer R. Miller, Sp. Assts. to the Atty. Gen., and George L. Grobe, U. S. Atty., and R. N. Kurchgraber, Asst. U. S. Atty., both of Buffalo, N. Y., for appellee.

Before SWAN, CLARK and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an action by Trico Products Corporation to recover taxes and interest thereon aggregating more than $1,500,000.-00, which were paid to the defendant collector for the years 1936 and 1937 under section 102 of the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, p. 851. The ultimate issue was whether the corporation was "availed of for the purpose of preventing the imposition of the surtax upon its shareholders or the shareholders of any other corporation, through the medium of permitting earnings or profits to accumulate instead of being divided or distributed." The case was tried to the court without a jury. The court found (1) that during each of the years in suit the plaintiff accumulated its earnings beyond the reasonable needs of its business, and (2) that it did so for the purpose of avoiding the imposition of surtaxes upon its shareholders and the shareholders of Trico Securities Corporation.[1] Accordingly the court concluded that the taxpayer was availed of for the forbidden purpose and dismissed the complaint.

The appeal challenges the foregoing findings. There is no dispute as to the evidentiary facts. They are set forth in detail in Judge Knight's carefully considered opinion in D.C., 67 F.Supp. 311. Our discussion will assume familiarity with them without restatement.

In cases of this character brought up by an appeal from a decision of the Tax Court the scope of judicial review is extremely limited. In Gibbs & Cox v. Commissioner, 2 Cir., 147 F.2d 60, 63 we said that "a finding that the corporation was availed of for the interdicted purpose is conclusive, if supported by substantial evidence." To the same effect was our decision in Trico Products Corporation v. Commissioner, 2 Cir., 137 F.2d 424, 426, certiorari denied 320 U.S. 799, 64 S.Ct. 369, 88 L.Ed. 482, involving the present appellant's taxes for the years 1934 and 1935. The appellant argues that the scope of review on an appeal from the district court is broader,[2] and consequently we are at liberty to draw from the evidentiary facts inferences contrary to those of the district judge.[3] Accordingly we are urged to hold that Trico did not accumulate its earnings and profits beyond the reasonable needs of its business during the years in suit, and was not availed of for the purpose of preventing the imposition of surtaxes upon its shareholders or those of any other corporation.

Even on the assumption that, because this is an appeal from the District Court, we could reverse the finding, without determining it to be "clearly erroneous," that Trico's earnings were accumulated beyond the reasonable needs of the business, nothing has been advanced which persuades us that it should be reversed. In round figures, Trico's net income in 1936 was $4,184,000 and in 1937 was $3,790,000. In the former year it distributed $2,210,-894.88, or 52.8% of its net income, in cash dividends, and in the latter year $1,-960,768.77, or 51.7% of its net income. As of December 31, 1936, its accumulated earnings amounted, roughly, to $10,913,000, and as of December 31, 1937 to $12,745,000. The reasons advanced by the appellant for keeping so large a surplus are (a) the 1927 Recapitalization Agreements, (b) the maintaining of its position in the industry, and (c) the necessity to preserve its capital and to diversify its products because the basic patents on its vacuum-operated windshield

---

[1] Findings 37, 38 and 39.

[2] See Brooklyn Nat. Corporation v. Commissioner, 2 Cir., 157 F.2d 450, 452, certiorari denied 329 U.S. 733, 67 S.Ct. 96, 91 L.Ed. 634.

[3] Murray v. Noblesville Milling Co., 7 Cir., 131 F.2d 470, 474, certiorari denied 318 U.S. 775, 63 S.Ct. 832, 87 L.Ed. 1145; Kuhn v. Princess Lida of Thurn & Taxis, 3 Cir., 119 F.2d 704, 705; Western Union Telegraph Co. v. Bromberg, 9 Cir., 143 F.2d 288, 290.

wiper would expire in 1942. These reasons were considered by the district judge and we are not convinced that his rejection of each and all of them as justification for the large accumulations was erroneous. The conservation of earnings in order to be able to release the restricted stock under the 1927 agreements would be beneficial to the holders of such stock but satisfied no business need of the corporation. By 1936 Trico's position as sole supplier of windshield wipers to the automobile industry appeared to be secure; it owned its plant, did its own manufacturing and owed no debts of consequence. We see nothing in the evidence to suggest that it was necessary to increase the surplus in those years in order to maintain the position it had attained. At the time of the trial in December 1945, the appellant had developed a new product known as Lift-O-Matic which is a device for lowering or raising automobile windows by pushing an electric button. A very large expense is contemplated to bring this product into production. But there is no evidence that during the tax years in suit the appellant foresaw the need of any substantial expenditures for the development of this device, of which the earliest form had not progressed to the stage of a working model until 1938.

■■ If we allow to stand, as we think we should, the finding that earnings or profits were permitted to accumulate beyond the reasonable needs of the taxpayer's business, then the finding that a tax avoidance motive played a part in this result is also a permissible inference, notwithstanding denials by the officers. Helvering v. National Grocery Co., 304 U.S. 282, 295, 58 S.Ct. 932, 82 L.Ed. 1346; Helvering v. Chicago Stock Yards Co., 318 U.S. 693, 701, 63 S.Ct. 843, 87 L.Ed. 1086. Not only is the finding bolstered by the express provision of § 102(b) [4] of the Revenue Act of 1936 but the defendant presented evidence from which the court found that had all the net earnings been distributed as dividends in 1936 and 1937 the six largest stockholders would have had to pay additional income taxes aggregating $1,850,000.

■ The appellant complains that the court erred in giving determinative effect to the decision of the Board of Tax Appeals involving the two prior years. [5] But Judge Knight's opinion states expressly that the decision of the prior case is not res judicata for the later years. D.C., 67 F.Supp. 311, 324. We read his opinion as treating the decision of the Board of Tax Appeals not as "determinative" but merely as persuasive, as it properly was, in enabling him to form his independent judgment on the issues before him.

■ Finally, error is asserted in the exclusion of Mr. Oishei's testimony as to a conversation with Mr. Wilson in 1936 in which the latter expressed his opinion that "we were doing the right thing in planning on the time of expiration of the patents" and "were handling the thing properly." Objection was made on the ground that the testimony was hearsay, as it was, and that Mr. Wilson should be subjected to cross examination if his opinion was to be admitted in evidence. The appellant argues that a conversation with Trico's principal customer as to the needs of the business might have a bearing upon the motives of Trico's directors in determining their dividend policy. But there was no offer to prove that Mr. Wilson's opinion was brought to the attention of the directors or in any manner affected their judgment as to accumulations. Without that the conversation was of slight importance and we think there was no error, and certainly no prejudicial error, in its exclusion.

Judgment affirmed.

---

4 "Sec. 102(b). Prima Facie Evidence. The fact that * * * the earnings or profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a purpose to avoid surtax upon shareholders."

5 Trico Products Corporation v. Commissioner, 46 B. T. A. 346 affirmed 2 Cir., 137 F.2d 424.