**DICKMAN LUMBER COMPANY,**
a Washington corporation,
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19923.

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1966.

Rehearing Denied Feb. 28, 1966.

Owen P. Hughes, Neal, Bonneville & Hughes, Tacoma, Wash., for appellant.

Richard M. Roberts, Acting Asst. Gen., Meyer Rothwacks, Gilbert E. Andrews, Martin T. Goldblum, Attys., Dept. of Justice, Washington, D. C., William N. Goodwin, U. S. Atty., Tacoma, Wash., for appellee.

Before POPE, BARNES and HAMLEY, Circuit Judges.

---

POPE, Circuit Judge.

Appellant corporation was assessed an accumulated earnings tax under the provisions of § 531 of the Internal Revenue Act of 1954.[1] It paid the tax and then sued for refund in the court below.

The tax assessed related to accumulated income for 1959. In that year such income amounted to $142,091.88. From this it paid dividends and other sums to stockholders amounting to $13,060.76. Upon the balance, $129,031.12, the tax of $38,676.98 was assessed. As of December 31, 1959, appellant's current assets and current liabilities (in round dollars) were as follows:

Current Assets:

| | |
|---|---:|
| Cash | $ 331,852 |
| Short Term Securities | 850,000 |
| Accounts Receivable | 102,965 |
| Log Inventories | 463,186 |
| TOTAL | $1,748,003 |

Current Liabilities

| | |
|---|---:|
| Accounts—Wages Payable | $ 36,545 |
| Accrued Income Tax | 156,086 |
| TOTAL | $ 192,631 |

All of the stock of the corporation (except for four qualifying shares in the names of employees) were owned by Ralph L. Dickman and his wife. Had the entire $129,000 mentioned been distributed in dividends in 1959, the Dickmans' tax liability would have been increased by more than $87,000.

The trial court held that appellant's "accumulated earnings and profits were in excess of its reasonably anticipated needs as of the end of 1959 and that the said $129,031.12 was not so needed"; that plaintiff had failed to sustain its burden of proving that it did not have, as one of its purposes for accumulating earnings and profits, the avoidance of income taxes on its shareholders.

Appellant contends that "[a]ll undistributed earnings and surplus in excess of cash dividends paid in the sum of $12,000 at the end of 1959, were necessary for the four following reasonably anticipated needs of appellant's business, and by reason thereof such earnings and surplus had not been accumulated for the purpose of avoiding surtax upon the shareholders of appellant: 1. Reserves required to meet competition, fluctuations and hazards of business. 2. Large amounts of available money required in supplying appellant's mill with logs and timber. 3. Expenditures required for planned modernization and improvements of appellant's mill. 4. Corporate funds required for payment of federal estate, state inheritance taxes and expenses of administration on retirement of a decedent shareholder's stock under § 303 of the 1954 Code on the death of either or both of the two principal shareholders of appellant."

The findings of the court examine in detail and in depth each of these claimed reasons for the accumulations made. In each case the court found as a fact that

---

1. That section and related sections are as follows:

"§ 531 [Title 26, U.S.C.A.] Imposition of accumulated earnings tax. In addition to other taxes imposed by this chapter, there is hereby imposed for each taxable year on the accumulated taxable income (as defined in section 535) of every corporation described in section 532, an accumulated earnings tax equal to the sum of—

"(1) 27½ percent of the accumulated taxable income not in excess of $100,000 plus

"(2) 38½ percent of the accumulated taxable income in excess of $100,000."

"§ 533 [Title 26 U.S.C.A.] Evidence

of purpose to avoid income tax. (a) Unreasonable accumulation determinative of purpose.—For purposes of section 532, the fact that the earnings and profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid the income tax with respect to shareholders, unless the corporation by the preponderance of the evidence shall prove to the contrary."

"§ 537 [Title 26, U.S.C.A.] Reasonable needs of the business.

"For purposes of this part, the term 'reasonable needs of the business' includes the reasonably anticipated needs of the business."

these claims were without basis, that "the earnings and profits of the plaintiff, in addition to the said $129,031.12 were more than sufficient, in view of the liquidity of the corporation, to meet its anticipated needs."

The key question here is whether there was accumulation "beyond the reasonable needs of the business". This, in our view, was a question of fact. Lundgren v. Freeman, 9 cir., 307 F.2d 104.[2] And the trial court's finding with respect thereto is supported by evidence.

Since we hold that the findings of the trial court are not clearly erroneous, we must affirm the judgment. It is so ordered.

2. Among the statements cited as authoritative in appellant's brief is the following from Mertens, Law of Federal Income Taxation, § 39.32: "The question of reasonable accumulation is one of fact to be decided upon the basis of principles of sound business management."