Taxes; accumulated earnings tax. — On October 21, 1976 the court entered the following order:
Before SkeltoN, Nichols, and Kasi-iiwa, Judges.
“This case comes before the court on plaintiff’s motion for summary judgment, filed May 10,1976. Plaintiff claims that *346 it is denied due process of law and equal protection of law because of tbe uneven application of tbe accumulated earnings tax to corporations: publicly owned corporations being exempt and application of tbe tax being limited to corporations, like plaintiff, wbicb are not publicly owned. See Golconda Mining Corp. v. Commissioner, 507 F. 2d 594 (9th Cir. 1974). Defendant states that there is no support in the statute or legislative history for plaintiff’s proposition that the accumulated earnings tax cannot be asserted against publicly held companies. Defendant also states that there is not the slightest evidence that the Commissioner has by ruling, regulation, or official policy exempted such corporations from liability for the accumulated earnings tax.
“Upon consideration of the briefs of the parties, without oral argument, the provisions of the statute, Golconda Mining Corp., supra, Trico Products Corp. v. Commissioner, 137 F. 2d 424 (2d Cir.), cert. denied, 320 U.S. 799 (1943), and Trico Products Corp. v. McGowan, 169 F. 2d 343 (2d Cir.), cert. denied, 335 U.S. 899 (1948), it is the court’s opinion that the accumulated earnings tax can apply to publicly held corporations. They are included within the statute; Congress had an opportunity to exempt them and did not. Therefore,
“it is ordered that plaintiff’s motion for summary judgment is denied.”